Zurek v. SSA                    CV-94-233-JD  05/06/98

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kenneth Zurek

    v.                              Civil No. 94-233-JD

Commissioner, Social
Security Administration


O R D E R


The plaintiff, Kenneth Zurek, prevailed against the
defendant, the Commissioner of the Social Security Adminis-
tration, in an appeal from an administrative law judge's ("ALJ")
decision denying him Social Security disability benefits.  Before
the court is the plaintiff's motion for Equal Access to Justice
Act ("EAJA") fees (document no. 17).


Background[1]

On April 30, 1994, the plaintiff filed an appeal from a
denial of his claim for Social Security disability benefits.  The
plaintiff claimed that new evidence not available to him at the
time of his initial hearing before the ALJ supported his position
that he was disabled.  The defendant asserted that the ALJ's
decision should be affirmed because it was supported by

---

[1]The facts recited by the court are not in dispute.

substantial evidence in the record and the new evidence offered by the plaintiff was not material to the ALJ's decision. On November 16, 1994, however, the court reversed the denial based on the new evidence and remanded the case to the defendant, pursuant to Sentence 6, with instructions that the ALJ consider the new evidence at a subsequent hearing. On September 27, 1995, an ALJ again denied the plaintiff benefits. On August 16, 1996, the Appeals Council reversed the ALJ's denial and awarded the plaintiff benefits from May 1, 1994.

The plaintiff contends that he is entitled to $8,218.75 in fees pursuant to 28 U.S.C. § 2412(d)(1) because he is a prevailing party within the meaning of the statute and the defendant's position was not "substantially justified." The amount represents 65.75 hours spent by counsel during the appeal before the court. The defendant urges that the request should be denied because the government's litigation position on appeal was substantially justified.

## Discussion

The EAJA provides, in pertinent part, as follows:

> (A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency

2

action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall [apply for a fee award]. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C.A. § 2412(d)(1) (West 1994 & Supp. 1998).

The plaintiff urges that the fact that he ultimately prevailed demonstrates that the defendant's opposition to his initial appeal was not substantially justified. However, the plaintiff prevailed on appeal by showing that new evidence not presented (by him) to the ALJ in the initial proceeding warranted a remand for further proceedings in light of the new evidence. The defendant contends that, on the basis of the information presented to the ALJ, the government's litigation position was substantially justified.

The court has examined the record in this case. The government's position on appeal was that the new information proffered by the plaintiff was not material to the ALJ's decision and the decision was supported by substantial evidence in the record. The plaintiff has pointed out, and the court can adduce,

3

no evidence in the record demonstrating that the government's litigation position was not substantially justified.  Although the plaintiff prevailed by persuading the court that his new evidence was material, the government's litigation position was in no way unreasonable.  The court therefore finds that the government's litigation position was substantially justified.


## Conclusion

For the reasons stated above, the plaintiff's motion for EAJA fees (document no. 17) is denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

May 6, 1998

cc:  Raymond J. Kelly, Esquire
     David L. Broderick, Esquire

4